**STATE OF OHIO, Appellee v. MEIER, Appellant.**

**STATE OF OHIO, Appellee v. BANNIGAN, Appellant.**

Ohio Appeals, First District, Hamilton County.

Nos. 6303 & 6304.   Decided July 19, 1943.

Mr. Carson Hoy, Cincinnati, and Mr. David L. Shannon, Cincinnati, for State of Ohio.

Mr. G. H. Homerding, for William Meier.

Mr. Walter M. Locke, Cincinnati, for Thomas Bannigan.

## OPINION

By MATTHEWS, J.

The appellants were indicted jointly, tried jointly, and both found guilty of burglary and larceny. They have appealed separately from the judgments of conviction based on the verdicts.

Most of the errors assigned affect both defendants, but not to the same degree.

(1) Both appellants contend that the judgment is not supported by any evidence, or, at least, by sufficient evidence.

**582**

The corpus delicti was proven. It was undisputed. The real issue was as to whether the appellants had committed the crime.

The evidence showed that the appellants resided within a radius of one mile of the drugstore which was burglarized and were within that area at the time. They, therefore, had the opportunity but that was not sufficient to justify a conviction. To connect appellant Meier with the commission of the crime, the State introduced statements made by him to police officers after his arrest. These statements were not direct admissions, but were indirect admissions, in that it could be inferred from them that he had participated in the burglary and larceny. Meier did not take the stand to deny or explain these statements. We are of the opinion that this evidence required the submission of the issue to the jury and that the court did not err in overruling appellant Meier's motion for an instructed verdict.

The record presents a different situation as to the appellant Bannigan. He maintained his innocence at all times and made no statement either directly or indirectly admitting guilt. It is true that the statement of appellant Meier made after his arrest and in the presence of Bannigan implicated Bannigan, but the court properly instructed the jury that such statement could not be considered by it in determining Bannigan's guilt or innocence.

There was some blood on glass broken from the door and on the cash register in the burglarized building, indicating that the perpetrator of the crime had injured himself at the time. The officers looked for evidence of injury on these appellants and found a scratch or cut on Bannigan's thumb. This was two days after the burglary. It was evidently not much of a cut. When Bannigan was questioned about it he said he had cut it when moving a garbage can at his home. There was nothing in the evidence to incline the mind to the belief that the cut was received at the place of the crime, rather than as stated by Bannigan, and nothing to indicate that it was Bannigan's blood at the scene of the crime, rather than that of any other person who might be discovered to have a broken cuticle.

We conclude that there was no substantial evidence connecting Bannigan with the commission of this crime and that the court erred in overruling his motion for an instructed verdict.

As we have concluded that as to appellant Meier the cause must be remanded for a retrial, we proceed to consider the other assignments of error.

(2) Neither appellant took the stand at the trial and the court seems to have had that in mind when he charged the jury that:

"In determining the credibility of the witnesses, you have a

right to take into consideration the fact that they have not taken the witness stand in this case."

Two witnesses were placed on the stand by the defendants to prove an alibi, and they testified that they were in the company of the appellants elsewhere than at the scene of the crime during most of the time within which it was committed. The court must have meant by this charge that the jury had a right to reduce the weight that it would otherwise give the testimony of these alibi witnesses because the defendants who had called them to the stand did not themselves take the stand.

It is true that under §10 of Art. I, Ohio Constitution, the failure of the accused to testify may be considered by the court and jury and be the subject of comment by counsel, but we do not understand that the mere fact that the accused fails to testify has any tendency to affect the credibility of any witness or that the constitutional provision intended to give it any such effect. If such were the rule, the testimony of every witness called by the accused would be discounted by that fact alone. Such a rule could only be based upon the guilt of the accused as yet unproved and that such unproved guilt affected his standing, but that of all others called by him to prove his innocence.

We are of the opinion that the charge was misleading and prejudicial.

(3) There was no evidence that either of the defendants had ever been convicted of any crime and neither of them testified as already mentioned. It was therefore irrelevant and prejudicial for the court to charge the jury that:

"Some evidence of previous convictions or admissions of previous convictions has been presented in this case. You may consider that evidence solely for whatever effect or value it may have in your opinion as to the credibility of the witness, or the defendant rather, to whom the alleged conviction applied."

(4) On the subject of circumstantial evidence, the court said:

"Circumstantial evidence is as competent as any other, but it must be of such a character as to exclude from your minds all reasonable doubt as to the guilt of the accused. That is, if in considering the circumstantial evidence, you should be able to draw such inference therefrom as would convince you beyond a reasonable doubt that the defendants, or either of them, was not guilty of the crime charged, then it would be your duty to find them not

584

guilty, but if, in considering the circumstantial evidence together with the other evidence, you find that it has been proven beyond a reasonable doubt that they, or either of them, are guilty, then it would be your duty to convict them."

Manifestly, the court did not mean to say that an acquittal could result by proof of innocence beyond a reasonable doubt, and the court did not say that. However, the language used does not express the rule clearly and should not be employed on a retrial. We would not reverse a conviction, otherwise fully sustained, because of this language in the charge.

We have considered the other assignments of error, but do not find them prejudicial or as requiring comment.

For these reasons, the judgments in both cases are reversed and in Case No. 6304, final judgment is rendered in this court in favor of the appellant Thomas Bannigan, ordering his discharge, and in Case No. 6303, the cause is remanded for further proceedings according to law.

ROSS, P. J., and HILDEBRANT, J., concur.